# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| **LANCE BISHOP STEGLICH**, ) | |
| ) | |
| Petitioner, ) | Case No. 7:07CV00029 |
| ) | |
| v. ) | **OPINION** |
| ) | |
| **UNITED STATES OF AMERICA,** ) | By: James P. Jones |
| ) | Chief United States District Judge |
| Respondent. ) | |

*Lance Bishop Steglich, Pro Se Petitioner.*

Lance Bishop Steglich, a federal inmate, brings this Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C.A. § 2255 (West Supp. 2005). I find that the motion is untimely and will accordingly dismiss it.

I

Steglich pleaded guilty on January 10, 2001, to conspiracy to possess with intent to distribute crack cocaine. On May 3, 2001, the petitioner was sentenced to 200 months imprisonment. Steglich appealed, and the United States Court of Appeals for the Fourth Circuit affirmed on November 21, 2001. *United States v. Steglich*, 22 Fed. App'x 184 (4th Cir. 2001). Following the Fourth Circuit's judgment, he did not

file a petition for a writ of certiorari with the Supreme Court relating to this conviction.

Steglich executed his current motion on January 14, 2007, styled as a "Writ of Habeas Corpus, 28 U.S.C.A. § 2255." The court filed this § 2255 motion and warned Steglich that it appeared to be untimely filed under § 2255 para. 6. Steglich responded with several arguments regarding the timeliness of his motion. Finding no merit to his arguments, I must dismiss the case as untimely.

II

A person convicted of a federal offense has one year to file a § 2255 motion, starting from the latest of the following dates:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C.A. § 2255 para 6. A defendant's conviction becomes final when the defendant's opportunity to appeal the district court's judgment expires or when the defendant's opportunity to file a petition for a writ of certiorari expires. *Clay v. United States,* 537 U.S. 522, 525 (2003). If the district court gives the petitioner notice that the motion appears to be untimely and allows an opportunity to provide any argument and evidence regarding timeliness, and the petitioner fails to make the requisite showing, the district court may summarily dismiss the motion. *See Hill v. Braxton*, 277 F.3d 701, 707 (4th Cir. 2002).

Equitable tolling is available only in "those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result." *Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000). Generally, a petitioner seeking equitable tolling must demonstrate that he has been diligently pursuing his rights and that some extraordinary circumstances stood in his way to prevent him from filing a timely petition. *See Pace v. DiGuglielmo*, 544 U.S. 408, 417 (2005); *Rouse v. Lee*, 339 F.3d 238, 246 (4th Cir. 2003). Mere lack of knowledge as to a statutory deadline for filing for federal habeas relief or unfamiliarity with the legal

process does not support granting such extraordinary relief. *See Harris*, 209 F.3d at 330.

III

Steglich's motion is clearly untimely under § 2255 para. 6(1). The Fourth Circuit affirmed Steglich's conviction and sentence on November 21, 2001. He then had ninety days to file a petition for a writ of certiorari in the United States Supreme Court, but did not do so. Thus, his conviction became final on February 19, 2002, when the ninety-day period expired. On that date, the one-year filing period under § 2255 para. 6(1) began running; that period expired on February 19, 2003. For purposes of this opinion, I consider Steglich's current motion to have been filed on January 14, 2007, when he signed and dated the motion.[1] Because he filed the motion almost five years after his conviction became final, it is clearly untimely under § 2255 para. 6(1).

Steglich first argues that the motion is timely because the limitation period must be tolled during the pendency of another postconviction action he filed in this court in January 2006. *See Steglich v. United States*, No. 7:06CV00055, 2006 WL 1195785 (W.D. Va. May 3, 2006), *aff'd*, No 06-7091, 2007 WL 43776 (4th Cir. Jan.

---

[1] *See Houston v. Lack*, 487 U.S. 266, 276 (1988) (finding that prisoner's notice of appeal from denial of habeas relief was filed when he delivered it to prison authorities for mailing to the court).

- 4 -

8, 2007). This argument fails for two reasons. First, the 2006 motion was not filed until almost four years after expiration of the limitation period. Thus, I cannot find that its pendency offers any ground for tolling. Second, although I initially construed Steglich's 2006 motion as a § 2255 action, Steglich expressly stated in a subsequent submission that he "[did] not agree to have the motion re-characterized, [and] the court shall not treat it as a § 2255 motion, but shall rule on the merits of the motion as filed." [2] In accordance with Steglich's clear wishes, I did not consider his motion

---

[2] Steglich styled his 2006 motion as a "An Independent Action Motion for Reconsideration Habeas Corpus." In support of his rambling claims, Steglich cited numerous statutes as purported authority for the court to invalidate the challenged conviction and sentence, as follows:

> Writ of Error Coram Nobis, Title 28, Section 1651(a) [the All Writs Act]; Habeas Corpus, Title 28, Section 2255 or 2241; Federal Rules of Procedure, Rule 60(b) (1) thru (6); Federal Question, 28 U.S.C. 1331; Motion for Declaratory Judgment, 28 U.S.C. 2201.

Steglich alleged numerous grounds for relief in the 2006 motion: coercion, conflicts of interest, and bad faith tainted the criminal proceedings against petitioner; defense counsel provided ineffective assistance in failing to address the coercive conduct of the government and failing to review a crucial file, leaving petitioner unable to confront evidence; a prior uncounseled conviction was improperly used to enhance petitioner's sentence; the indictment failed to set forth all elements of the offense; drug quantity was not stipulated by the defendant or determined by a jury beyond a reasonable doubt; the government manipulated the charging instrument to encompass additional punishment in the form of forfeiture; the government's charging practices constitute race discrimination; individuals fraudulently represented the plea agreement to petitioner; the court improperly participated in the plea bargaining process; and the government breached the plea agreement. I dismissed the 2006 motion, finding that Steglich was not entitled to habeas relief under any of the other grounds he identified, and the Fourth Circuit affirmed. Nevertheless, Steglich raises many of these same claims in his present motion.

as one brought under § 2255 and instead addressed and dismissed without prejudice his claims under all the other statutes on which he relied. On appeal, the Fourth Circuit affirmed this court's judgment. Steglich cannot now convert the 2006 motion into a § 2255 action at will. I cannot find that the prior action has any bearing on the timeliness of his current motion.

Steglich next argues some of his claims are timely because he filed the motion within one year of the issuance of the case law on which the claims rely. *See* § 2255 para. 6(3). These arguments fail utterly. First, Steglich's claims under *United States v. Booker*, 543 U.S. 220 (January 12, 2005) are both untimely filed and without merit. He did not file his motion within one year of the *Booker* decision. Moreover, the Fourth Circuit has held that *Booker* does not apply retroactively to cases on collateral review. *United States v. Morris*, 429 F.3d 65, 70 (4th Cir. 2005). *See also United States v. Cruz*, 423 F.3d 1119, 1120-21 (9th Cir. 2005) (citing other cases holding *Booker* not to be retroactive). Similarly, Steglich's claims under *Rompilla v. Beard*, 545 U.S. 374, 385-86 (June 20, 2005) are untimely and without merit. Steglich did not file his present motion within one year after the *Rompilla* decision issued, and this case did not "initially recognize" any new rule of law. Rather, *Rompilla* simply applied an existing rule of law, as set forth in *Strickland v. Washington*, 466 U.S. 668,

687-88 (1984). Thus, I cannot find that any of Steglich's claims are timely under § 2255 para. 6(3).

Likewise, I cannot find that any of Steglich's claims are timely under subsections (2) or (4) of § 2255 para. 6. He does not point to any unconstitutional action by government employees that prevented him from filing a timely § 2255 motion. Moreover, at sentencing or within a year from the Fourth Circuit's ruling on his appeal, he clearly knew, or with due diligence could have known, all the facts on which his claims are based.[3]

Steglich's other arguments for timeliness are attempts to apply some different statute of limitations other than § 2255 para. 6, such as the limitation periods for actions alleging fraud, breach of contract, and discriminatory practices.[4] In connection with many of his allegations in this motion, Steglich seeks not only reversal of the criminal judgment, but also monetary damages. To the extent that Steglich had any civil cause of action under the theories he has listed, a different statute of limitations might well apply. These other statutes cannot extend his

---

[3] The fact that he did not discover the legal basis for a claim until years after his conviction became final does not qualify him for calculation of his limitation period under § 2255 para. 6(4). *Harris*, 209 F.3d at 330.

[4] As to some of his claims, he asserts, without explanation, that no statute of limitations applies. In this assertion, he is mistaken.

opportunity to attack collaterally his conviction and sentence under § 2255, however.[5]

Finally, Steglich alleges no facts warranting equitable tolling of the statute of limitations in § 2255 para. 6(1). He does not demonstrate any reason that he could not have raised a collateral challenge to his conviction within one year of February 19, 2002, when his conviction became final.

IV.

For these reasons, there is no ground upon which the present motion might be deemed timely filed. Accordingly, it will be dismissed.

A separate Final Order will be entered herewith.

ENTER: March 8, 2007

/s/ JAMES P. JONES
Chief United States District Judge

---

[5] Steglich cannot bring civil claims for monetary damages under the theories he lists until he has first succeeded in invalidating his conviction. *See Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). Under the rule in *Heck*, as an element of any claim for monetary damages for a wrongful conviction caused by another's allegedly unconstitutional conduct, a claimant must prove that the conviction which resulted from the allegedly wrongful conduct has been invalidated by a court or other appropriate entity. *Id.* Steglich's civil claims for damages, alleging fraud, discrimination, breach of contract, invalid contract (plea agreement), attorney misconduct, and other miscarriages of justice, all claim wrongful conviction and confinement as the resulting injuries. As Steglich's conviction still stands, these civil claims are barred under *Heck* and are not currently cognizable. I will, therefore, dismiss them without prejudice.